## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALDO E. ESTRELLA,** | : | **CIVIL ACTION NO. 4:26-CV-315** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN OF FCI-LEWISBURG,** | : | |
| | : | |
| **Respondent** | : | |

### <u>MEMORANDUM</u>

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, Ronald E. Estrella, a prisoner confined by the United States Bureau of Prisons ("BOP"), challenges a disciplinary sanction that purportedly resulted in the loss of good conduct time and First Step Act ("FSA") time credits as well as his removal from the Residential Drug Abuse Program ("RDAP"). The petition will be dismissed for Estrella's failure to exhaust administrative remedies.

### I.    <u>Factual Background & Procedural History</u>

Estrella is serving a federal criminal sentence imposed by the United States District Court for the District of Rhode Island. (Doc. 6-3 at 3). He is housed in Lewisburg Federal Correctional Institution ("FCI-Lewisburg"). Estrella filed the instant petition on February 9, 2026. (Doc. 1). He challenges a disciplinary sanction that resulted in the loss of good conduct time and FSA credits and purportedly led to his removal from the RDAP. (<u>Id.</u>) Respondent responded to the petition on March 3, 2026, arguing that it should be dismissed for failure to exhaust administrative

remedies, or, alternatively, denied on its merits. (Doc. 6). Estrella filed a reply brief in support of the petition on April 3, 2026. The petition is ripe for review. (Doc. 7).

## II.    Discussion

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Id. at 761-62. The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the regional director, and—ultimately—final appeal to the general counsel. Id. §§ 542.13-.15. No administrative remedy is considered fully exhausted until reviewed by the general counsel. Id. § 542.15(a). When an inmate wishes to appeal a disciplinary hearing officer's appeal, his initial appeal goes directly to the regional director. Id. § 542.14(d)(2).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude habeas review. Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is

2

unnecessary if the issue presented is one that consists purely of statutory construction. <u>Vasquez v. Strada</u>, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing <u>Bradshaw v. Carlson</u>, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. <u>Rose v. Lundy</u>, 455 U.S. 509, 516 n.7 (1982).

Respondent argues that Estrella's petition should be dismissed for failure to exhaust administrative remedies because he did not file any appeals of the DHO decision at issue in this case. (Doc. 6 at 14). Respondent has produced evidence to support this assertion. (Doc. 6-2, Doc. 6-8).

Estrella has not produced any contrary evidence to show that he filed an administrative appeal related to this case, but he argues that he "pursued administrative remedies but was effectively prevented from completing the process due to institutional obstruction and non-responsiveness." (Doc. 7 at 2). Estrella notes that he "submitted administrative appeals" as "set forth in the petition and supporting materials" that "were not properly processed or answered, rendering the remedy process unavailable." (<u>Id.</u>)

Estrella's argument is unavailing. Although he asserts that he "submitted administrative appeals," he has not produced any evidence to support this assertion, let alone evidence that these unspecified "administrative appeals" actually pertained to the DHO hearing that is at issue in this case. The only support he cites is his petition, where he again simply asserts in conclusory fashion that he pursued administrative appeals without any documentary support. Thus, his argument appears to be that unspecified "institutional obstruction and non-

responsiveness" in connection with administrative appeals of other disciplinary hearings excused him from any obligation to attempt to exhaust the claim that is at issue in this case. This vague and unsupported argument is not sufficient to excuse his failure to exhaust administrative remedies.

## III.   Conclusion

The petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   April 27, 2026

4